NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-CV-130-KKC

CHARLES GAMBILL                                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

KENTUCKY COURT OF APPEALS, *et al.*                                      DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Charles Gambill, who now gives an address in Salyersville, Kentucky, and clarifies that he

is not a prisoner,[1] has filed the instant *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983,

and an accompanying Motion for permission to proceed *in forma pauperis*. These initial

submissions are now before the Court for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*,

114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons set forth below, this matter will be dismissed.

**ALLEGATIONS AND CLAIMS**

The Plaintiff has submitted a commonly-used complaint form in which he names five (5)

Defendants, all involved in his collateral attack(s) on a State criminal proceeding, *Commonwealth

of Kentucky v. Charles Corbit Gambill*, Magoffin Circuit Court No. 04-CR-000110. He alleges that

---

[1] In a recent pleading [Record No. 5] Gambill apologizes for indicating earlier that he is a county inmate and still incarcerated. He now clarifies that he actually is not incarcerated, as he fully served his sentence in the Big Sandy Regional Detention Center.

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

on September 18, 2006, he filed collateral attacks [plural] on his conviction, which are known in State Court as RCr. 1142 Motions, but they were unsuccessful.  Later, on his appeal of the dismissal of the RCr issues, the Kentucky Court of Appeals in *Gambill v. Commonwealth*, No. 2007-CA-001208, "dismissed, overruled" his claims in October of 2008.  He filed the instant Complaint on October 21, 2009.

As to the first-listed of the five named Defendants, the Kentucky Court of Appeals,  Plaintiff alleges he had a statutory right of a first appeal, even as an indigent, and the trial court had already granted his motion to proceed *in forma pauperis*.  However, he complains, the Court of Appeals dismissed his appeal for failure to pay the filing fee.  Therefore, he was deprived of a "direct first appeal, to test the merits of my RCr 11.42 motions," and his due process rights were violated.

Plaintiff next alleges that the trial court, identified as Magoffin Circuit Court Judge Kimberly Childers, erred in its final order.  He describes the Order as arbitrary, "substandard," and deficient. Gambill claims that even though he requested "unambiguous findings of fact,." the Court failed to cite case law to support its ruling and failed to state that he had ineffective assistance of counsel.

The third-named Defendant, "Probation officer / Supervisor" Audrey Combs allegedly failed to comply with her statutory duty to obey orders of the circuit court, thus violating his "right to life, liberty and prosperity."

An administrator at the Big Sandy Regional Detention Center ("B.S.R.D.C"), named Henry Butch Williams, failed to provide the Center with a law library where the Plaintiff could adequately research and thereby obtain the legal relief he sought on his appeal.

The fifth Defendant, Kathleen Kallaher Schmidt, is described as the Appeals Branch Manager in the Commonwealth's Department of Public Advocacy.  She purportedly acted in concert with the

Kentucky Court of Appeals to deprive him of his right of a first appeal as promised in "KRS §
31.110(a)."

Additionally, although the Plaintiff has not named additional Defendants in the caption of
the case, in his narrative, he concludes,

> . . . Def. "F" Magoffin County Sheriff, Randel "Rob" Jordan failed to comply with
> his statutory duty to obey the order of circuit court and which is clearly pronounced
> by the record.  Def. "G" Attorney Lance Daniels failed to protect my rights in
> promoting the cause of justice, nor did he seek to uphold my fundamental rights and
> fundamental freedoms recognized by law and did not diligently in accordance with
> the law recognize standards of the legal profession.  Right to notice of hearing.

Record No. 2 at 2-3.  With regard to the closing reference to a  "right to notice of hearing," the
Plaintiff offers no explanation of when or before which court a hearing was had.  This Court notes
that in another pleading [Record No. 3], the Plaintiff complained that an identified notice "was given
via phone call from my attorney one hour prior to hearing.  I could not appear on such a short notice
because I was taking my grandfather to his doctor."

As relief, Plaintiff states, "I want my home place back that was taken away because of an
abuse of process . . . false imprisonment and /or malicious prosecution . . . ."

## DISCUSSION

The *pro se* Plaintiff apparently misunderstands the role of this Court.  To the extent that he
wishes to attack his conviction in State Court here, he is advised that a civil action such as this in this
Court is barred under the *Rooker-Feldman* doctrine.  This doctrine, described as "a combination of
the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may
not hear an appeal of a case already litigated in state court.  A party raising a federal question must
appeal a state court decision through the state system and then directly to the Supreme Court of the

United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

However unhappy Plaintiff is or was with the conviction and/or the dismissal of his RCr 11.42 motion(s) and/or his dismissed appeal, his remedy was and is not to file a civil rights lawsuit in federal court. Rather, he must pursue appeals in the State Court – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States. In short, as there is a State judgment against the Plaintiff, the *Rooker-Feldman* doctrine applies. *See United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589 (7th Cir. 1992), *cert. denied*, 113 S. Ct. 2417 (1993)).

Also, it is only through pursuing his challenges through the State Courts that the Plaintiff will have exhausted the State Court remedies. Exhaustion of the State remedies benefits a person convicted in State Court in that such exhaustion satisfies a prerequisite to filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. It is in a Section 2254 Petition that he can bring to this Court a challenge to the legality of his conviction or sentence under federal law. *See* 28 U.S.C. § 2254.

A federal court is obligated to require the exhaustion of state court remedies prior to examining any challenge to a State conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Rose v. Lundy*, 455 U.S. 509 (1982); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984); *Hewins v. Wigginton*, 860 F.2d 1079 (6th Cir. 1988) (unpublished disposition). The State's highest court must have an opportunity to review the claims before those claims come to federal court. *Castillo v. Peoples*, 109 S. Ct. 1056, 1060 (1989). As Kentucky's Supreme Court has not yet had the opportunity to address Plaintiff's claims, they must be dismissed until such time as he has

4

exhausted them in the State courts.

The Court has also considered whether the Plaintiff may be seeking damages for the value of his home purportedly lost because of an illegal prosecution or conviction. He is advised that the Supreme Court of the United States has barred such relief via a Section 1983 proceeding until and unless the conviction has been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a § 1983 action for damages for an illegal search of a plaintiff's car which resulted in the plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083. Because the plaintiff in *Schilling* could not get the conviction invalidated, his civil action was dismissed.[3]

---

[3] More recently, *Heck*'s favorable termination rule was examined and held to bar an excessive force claim. *Ruiz v. Martin*, 72 Fed. Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)).

5

Applying *Heck* and its progeny to this case and finding the rationale applicable herein for the same reasons, this Court believes that a judgment in favor of Plaintiff Gambill on his claims could necessarily imply that any presumed conviction or sentence is illegal, and so they must be dismissed at this time. *See Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissing a complaint which failed to allege reversal of conviction and denying him permission to amend).

Further, even if this were not the case, to the extent that the Court construes the Plaintiff's Complaint and request for relief to be claims for injunctive relief or damages from the individually named Defendants or branches of State governments, rather than freedom from the conviction, he fares no better. The Eleventh Amendment of the U.S. Constitution prohibits actions against states and state agencies under § 1983 and § 1985. *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Cowan v. University of Louisville School of Med.*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Seibert v. Oklahoma ex rel. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 594 (10th Cir. 1989).

The Supreme Court has made it clear that neither a State nor its agencies are "persons" susceptible to being sued under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, neither the Kentucky Court of Appeals nor any division thereof nor any of its official constitute a "person" for the purposes of 42 U.S.C. § 1983. *See Santiago v. New York State Department of Correctional Services*, 725 F. Supp. 780, 783-84 (S.D. N.Y. 1989) (*reversed in part*, 945 F.2d 25 (2nd Cir. 1991)).

"In the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School &*

6

*Hospital v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* (citing *Cory v. White*, 457 U.S. 85, 90-91 (1982)). As any action that might result in a judgment against the State Court would be satisfied out of the State of Kentucky's treasury, such an action qualifies for Eleventh Amendment immunity. *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 115 S. Ct. 394 (1994).

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1.      The Plaintiff's Motion to proceed in the instant case *in forma pauperis* [Record No. 3] is **GRANTED**; and

2.      Plaintiff Gambill's action herein will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

Dated this 30th day of November, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**